Dear Executive Director, Cathy Kirkpatrick,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a licensed veterinarian dispense a prescription drug to anindividual without a valid veterinarian-client-patientrelationship?
¶ 1 In asking your question, you present the following situation: A veterinarian examines an animal patient and prescribes a medication. The veterinarian does not have the particular medication in stock. May a neighboring veterinarian, i.e., one that has neither seen nor examined the animal patient, dispense the prescription? The dispensing of prescription drugs, whether the dispensing is to humans or animals, is a regulated activity. The Oklahoma Pharmacy Act (59 O.S. 1991 and Supp.1999, §§ 353-366), the Uniform Controlled Dangerous Substances Act, (63 O.S. 1991 and Supp. 1999, §§ 2-101-2-608), and the Oklahoma Veterinary Practice Act (59 O.S. 1991 and Supp. 1999,§§ 698.1-698.28) must be examined to answer your question.
 I. Veterinarian-Client-Patient Relationship Is Required
¶ 2 First, you ask whether a prescription drug may be dispensed without establishing a valid "veterinarian-client-patient relationship." The term "veterinarian-client-patient relationship" is defined in the Oklahoma Veterinary Practice Act ("Veterinary Act") as follows:
 a. the licensed veterinarian has assumed the responsibility for making medical judgments regarding the health of an animal or animals and the need for medical treatment, and the client, owner or other caretaker has agreed to follow the instructions of the licensed veterinarian; and
 b. there is sufficient knowledge of the animal or animals by the licensed veterinarian to initiate at least a general or preliminary diagnosis of the medical condition of the animal or animals in that:
 (1) the licensed veterinarian has recently seen or is personally acquainted with the keeping and care of the animal or animals, or
 (2) by medically necessary and timely visits to the premises where the animal or animals are kept or both, and
 c. the licensed veterinarian is readily available for follow-up in case of adverse reactions or failure of the regimen of therapy, or has arranged for emergency medical coverage, and
 d. would conform to applicable federal law and regulations[.]
59 O.S. Supp. 1999, § 698.2[59-698.2](10).
¶ 3 The Oklahoma State Board of Veterinary Medical Examiners' Rule, OAC 775:10-5-30 (2000) unambiguously requires a veterinarian to establish a veterinarian/client/patient relationship prior to prescribing, dispensing, delivering, or ordering any veterinary prescription drug. This Rule provides in pertinent part:
 The following acts and/or omissions shall be considered unprofessional conduct and shall constitute grounds for disciplinary action by the [Veterinary] Board. They shall include, but not be limited to:
. . . .
 (f) violating any state or federal statute, rule or regulation regarding the prescription, dispensation or administration of veterinary prescription drugs or controlled dangerous substances. For the purposes of this provision, such violations shall include, but shall not be limited to:
. . . .
 3. prescribing or dispensing, delivering, or ordering any veterinary prescription drug or controlled dangerous substance without first having established a veterinarian/client/patient relationship and determining that such prescription drug is therapeutically indicated for the health or well being of the animal[.]
OAC 775:10-5-30 (2000).
 II. Applicability Of The Oklahoma Pharmacy Act
¶ 4 In addition to the prohibition on dispensing prescription drugs without first establishing a veterinarian/client/patient relationship, certain provisions of the Oklahoma Pharmacy Act (the "Pharmacy Act") are pertinent to your question. For instance, the definitions of "prescription" and "dangerous drug," "legend drug," or "prescription drug" are as follows:
 7. "Prescription" means and includes any order for drug or medical supplies written or signed, or transmitted by word of mouth, telephone or other means of communication by a licensed practitioner of allopathic or osteopathic medicine, including physician assistants under the supervision of a licensed physician, dentistry, optometry certified by the Board of Examiners in Optometry, podiatry, or veterinary medicine, licensed by law to prescribe such drugs and medical supplies intended to be filled, compounded, or dispensed by a pharmacist;
 16. "Dangerous drug", "legend drug" or "prescription drug" means a drug which, under federal law, is required, prior to being dispensed or delivered, to be labeled with either of the following statements: (i) "Caution: Federal law prohibits dispensing without prescription", or (ii) "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian", or a drug which is required by any applicable federal or state law or regulation to be dispensed on prescription only or is restricted to use by practitioners only[.]
59 O.S. Supp. 1999, § 353.1[59-353.1] (emphasis added).
¶ 5 The term "dangerous drugs" is also defined in the Pharmacy Act at 59 O.S. Supp. 1999, § 355[59-355] as follows:
 1. "Dangerous drugs" means any drug intended for use by humans which, because of its toxicity or other potential for harmful effects, or the method of its use, or the collateral measures necessary for its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drugs. This shall include all drugs upon which the manufacturer or distributor has, in compliance with federal law and regulations, placed the following:" Caution — Federal Law prohibits dispensing without prescription";
 2. "Licensed practitioner" means a medical doctor, dentist, podiatrist, osteopathic physician, veterinarian, or optometrist licensed to practice and authorized to prescribe medication within the scope of practice of such practitioner[.]
Id. (emphasis added).
¶ 6 Consistent with the Veterinary Act, the Pharmacy Act prohibits a licensed veterinarian from dispensing dangerous drugs to anyone other than that veterinarian's patients. Title 59 O.S.Supp. 1999, § 355.1[59-355.1] provides:
 A. Except as provided for in Section 353.1 et seq. of this title, only a licensed practitioner may dispense dangerous drugs to such practitioner's patients, and only for the expressed purpose of serving the best interests and promoting the welfare of such patients.
Id. (emphasis added).
 III. The Uniform Controlled Dangerous Substances Act
¶ 7 Likewise, with regard to controlled dangerous substances, the Uniform Controlled Dangerous Substances Act also limits a veterinarian to dispensing controlled dangerous substances only in the course of his/her professional practice. Title 63 O.S.Supp. 1999, § 2-312[63-2-312] states:
 B. A veterinarian who has complied with the registration requirements of the Uniform Controlled Dangerous Substances Act, Section 2-101 et seq. of this title, in good faith and in the course of the professional practice of the veterinarian only, and not for use by a human being, may prescribe, administer, and dispense controlled dangerous substances and may cause them to be administered by an assistant or orderly under the direction and supervision of the veterinarian.
Id.
 IV. Conclusion
¶ 8 Your question essentially asks whether a veterinarian that has not established a veterinarian/client/patient relationship may fill a veterinary prescription. The Oklahoma State Board of Veterinary Medical Examiners' Rule, OAC 775:10-5-30(f)(3) (2000) set forth above, is a clear prohibition on such practice. "Rules and regulations enacted by administrative agencies and boards pursuant to the powers delegated to them have the force and effect of law." Cox v. Dawson, 911 P.2d 272, 280 (Okla. 1996)
¶ 9 The Pharmacy Act also prohibits such practice. Title 59O.S. Supp. 1999, § 355.1[59-355.1](A) states that a licensed practitioner may only "dispense" dangerous drugs to "such practitioner's patients." Id. "Dispense" means to "sell, distribute, leave with, give away, dispose of, deliver, or supply." 59 O.S. Supp.1999, § 353.1[59-353.1](14). While the Pharmacy Act defines "dangerous drugs" somewhat differently in §§ 353.1(16) and 355(1), it is obvious that dangerous drugs are not limited to those intended for use by humans because Section 353.1(16) includes those drugs labeled with the statement "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian."Id. Likewise, Section 355(2) includes a veterinarian as a "licensed practitioner." See 59 O.S. Supp. 1999, § 355[59-355](2).
¶ 10 In construing statutes, we look to the language to determine if the legislative will is clear and unambiguous. SeeCox, 911 P.2d at 276. Here, it is.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to 59 O.S. Supp. 1999, § 355.1[59-355.1] and OAC775:10-5-30(f)(3) (2000), a licensed veterinarian may notdispense a prescription drug to an individual without a validveterinarian-client-patient relationship.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT SMITH ASSISTANT ATTORNEY GENERAL